CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
This suit arises out of a single automobile collision occurring on Third Street in the City of Gretna, Jefferson Parish, Louisiana. Two issues are presented for our review:
1. Did the event causing the accident arise on property owned by the Texas and Pacific Railway Company? and
2. If so, was the Texas and Pacific Railway Company negligent in the manner in which the property was maintained?
The defendant stipulated that it was the owner of the property on which the accident occurred prior to June IS, 1914 (the owner of the track on which the accident occurred). However, it alleges that by virtue of certain notarial acts (D-l, D-2 and D-3), Texas and Pacific divested itself of all rights, title and interest in the property whereupon the accident occurred.
The court concluded that the defendant was still the owner of the property and with this we concur. In the first act dated June IS, 1914, Texas and Pacific leased the subject property to Trans-Mississippi Terminal Company. On November 27, 1914 Trans-Mississippi Terminal Company transferred and assigned the lease to Trans-Mississippi Terminal Railroad Company, and Texas and Pacific joined in the act, consenting to the transfer. In the third act, also dated November 27, 1914, Texas and Pacific’s trustee joined with Trans-Mississippi Terminal Company in conveying certain property to Trans-Mississippi Terminal Railroad Company, including all rights and interest of Trans-Mississippi Terminal Company in the property leased on June IS, 1914.
These various documents clearly indicate all transactions concluded by Texas and Pacific were not translative of title to the property in question.
The final issue is the liability of the defendant. There is no question that plaintiff was lawfully upon the premises owned by the defendant.
The railroad owned by Texas and Pacific runs in the approximate center of Third Street in Gretna, Louisiana, and no maintenance work had been done on the railroad right-of-way for many months. Consequently, at the point in the roadway that precipitated the accident, an area wide enough for an automobile tire to fall into existed between the rail and the road surface. Plaintiff’s automobile fell into this crevice while being driven along Third Street and this caused the automobile to swerve out of control, strike a pole causing damages to his vehicle and personal injuries to the plaintiff.
The danger here was virtually a trap, certainly a latent defect and not discoverable at night by the plaintiff in the exercise of reasonable care. There is evidence that the defendant had maintenance crews who trafficked the area and certainly would have had an awareness of the dangerous condition of the track in the area that caused plaintiff’s automobile to swerve out of control.
For the foregoing reasons the judgment of the lower court is affirmed, cost of these proceedings to be borne by defendant-appellant.
Affirmed.